UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
ASHMEAN AYTCH,

                             Plaintiff,

          -against-

Sergeant JOSEPH REDMOND, Shield No. 4821;
Police Officer STACEY ROBINSON, Shield No.
18684; Police Officer JANET PENA, Shield No.
5865; and Police Officers JOHN and JANE
DOES 1 through 10, individually and in their
official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                            Defendants.
-------------------------------------------------------------------- x

CV 12-3416

COMPLAINT

Jury Trial Demanded

SUMMONS ISSUED

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Ashmean Aytch ("plaintiff" or "Mr. Aytch") is a resident of Kings County in the City and State of New York.

7. Defendant Sergeant Joseph Redmond, Shield No. 4821 ("Redmond"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Redmond is sued in his individual and official capacity.

8. Defendant Police Officer Janet Pena, Shield No. 5865 ("Pena"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Pena is sued in her individual and official capacity.

9. Defendant Police Officer Stacey Robinson, Shield No. 18684 ("Robinson"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Robinson is sued in her individual and official capacity.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 12:00 a.m. on June 23, 2012, plaintiff was lawfully present inside the 70th Precinct at 154 Lawrence Avenue in Brooklyn, New York.

14. Plaintiff had gone to the precinct with his uncle after his uncle had received a call from someone at the precinct asking him to come there in regards to his automobile.

15. When plaintiff entered the precinct, one of the defendant officers asked him for identification.

16. Plaintiff was then falsely arrested and charged with felony gun possession.

17. At the time of his arrest, the officers lacked probable cause or arguable probable cause to arrest plaintiff for any crime.

18. Plaintiff was held at the precinct for approximately 8 hours and was then taken to Brooklyn Central Booking.

19. While he was at the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that plaintiff had possessed a gun.

20. The officers knew that plaintiff had not possessed a gun and there was no evidence to suggest that he had.

21. After spending approximately 12 hours at central booking, plaintiff was released without seeing a judge.

22. Upon information and belief, the district attorney declined to prosecute plaintiff.

23. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

26. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

29.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Failure to Intervene

30.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

32.     Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   July 10, 2012
         New York, New York

>                             HARVIS MARINELLI
>                             SALEEM & WRIGHT LLP
>
>                             _____
>                             Robert Marinelli
>                             305 Broadway, 14th Floor
>                             New York, New York 10007
>                             (212) 323-6880
>                             rmarinelli@hmswlaw.com
>
>                             *Attorney for plaintiff*